IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAD E. BRYNJOLFSSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   1:17-cv-04597 |
| MANLEY DEAS KOCHALSKI LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, BRAD E. BRYNJOLFSSON, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, MANLEY DEAS KOCHALSKI LLC, as follows:

### Nature of the Action

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

### Jurisdiction and Venue

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

### Parties

4. BRAD E. BRYNJOLFSSON ("Brynjolfsson") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 234 Arapahoe Trail, Carol Stream, Illinois 60188 ("subject property").

5. MANLEY DEAS KOCHALSKI LLC ("MDK") is a foreign limited liability company formed under the laws of the State of Ohio. MDK provides default litigation services to financial institution clients in Illinois. MDK has a principal place of business located at 1555 Lake Shore Drive, Columbus, Ohio 43204.

## Factual Allegations

6. On January 28, 2003, Brynjolfsson executed a mortgage in favor of Aegis Wholesale Corporation to secure a note in the amount of $157,000.00.

7. On November 26, 2013, Aegis Wholesale Corporation assigned and transferred all its rights, title and interests to Wells Fargo Bank, N.A. ("Wells Fargo").

8. On January 1, 2016, having suffered financial hardship, Brynjolfsson defaulted on his mortgage payments to Wells Fargo.

9. On July 21, 2016, Wells Fargo by and through its attorneys, MDK, filed a complaint to foreclose mortgage on property commonly known as 234 Arapahoe Trail, Carol Stream, Illinois 60188, against Brynjolfsson, Maria E. Brynjolfsson, and unknown owners and non-record claimants.

10. On October 12, 2016, the trial court granted Wells Fargo's motions (1) to dismiss unknown owners and non-record claimants, (2) for default judgment against defendants Brynjolfsson and Marie E. Brynjolfsson. The trial court also granted Wells Fargo's motion for entry of judgment of foreclosure and sale.

11. On January 23, 2017, Wells Fargo, by and through its attorneys, MDK, filed a notice of sale scheduled for March 7, 2017 at 10:00 a.m.

12. On March 6, 2017, a bankruptcy case concerning Brynjolfsson was filed under Chapter 13 of the Bankruptcy Code seeking to save his home from foreclosure

2

13. The bankruptcy schedules filed by Brynjolfsson listed MDK and Wells Fargo Home Mortgage on Schedule D – Creditors Holding Secured Claims.

14. On March 7, 2017, a judicial sale occurred, and the subject property was sold to a third party.

15. On March 13, 2017, Todd J. Ruchman ("Ruchman"), an attorney employed by MDK filed a notice of appearance and request for notice in Brynjolfsson's bankruptcy case.

16. On March 14, 2017, Ruchman filed an objection to confirmation of Brynjolfsson's Chapter 13 plan on behalf of Wells Fargo.

17. On March 23, 2017, Ruchman filed a proof of claim (Claim 1-1) on behalf of Wells Fargo. Bank, N.A.

18. On May 13, 2017, Luai Abuhilal ("Abuhilal") and another unknown male arrived at the subject property seeking to speak with Brynjolfsson. Abuhilal informed Brynjolfsson's neighbor, George Ruwe and Brynjolfsson's brother-in-law, Jeff Bott ("Bott") that he was the successful purchaser of the subject property at judicial sale on March 7, 2017.

19. Immediately thereafter, Bott placed a call to Brynjolfsson, providing Brynjolfsson with Abuhilal's contact information.

20. Brynjolfsson placed a call to Abuhilal, who advised Brynjolfsson that he was the successful purchaser of the subject property at judicial sale on March 7, 2017.

21. Brynjolfsson advised Abuhilal that on March 6, 2017, a bankruptcy case concerning Brynjolfsson was filed under Chapter 13 of the Bankruptcy Code.

22. Abuhilal steadfastly maintained that Brynjolfsson's bankruptcy attorneys failed him, and that he no longer was the owner of the subject property.

23. On May 23, 2017, Brynjolfsson's bankruptcy attorneys sent MDK and Ruchman correspondence advising them that on March 7, 2017, they conducted an unlawful judicial sale of the subject property, and demanded that they move to set aside the March 7, 2017 judicial sale within seven (7) days of receipt of correspondence.

24. Despite receipt, MDK ignored Brynjolfsson's bankruptcy attorneys' demand that they move to set aside the March 7, 2017 judicial sale.

### Damages

25. MDK's acts and omissions are the proximate causation of Brynjolfsson's aggravation, confusion, extreme emotional distress, frustration, and humiliation.

### Count I – Violation(s) of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692f(1)– Unfair Practices

26. Paragraphs 1 through 25 are re-alleged as though fully set out herein.

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

28. Brynjolfsson is a "consumer" as defined by 15 U.S.C. §1692a(3).

29. MDK is a "debt collector" as defined by 15 U.S.C. §1692a(5).

30. MDK was attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

31. Upon the filing of a petition, the Bankruptcy Code prohibits all acts to "collect, assess, or recover a claim" outside of the bankruptcy forum.

32. The automatic stay (11 U.S.C. § 362) is a stay against, or a halting of, creditor collection efforts once a bankruptcy case is commenced.

33. As its name suggests, the stay automatically arises the moment the debtor files a bankruptcy petition.

34. MDK violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to attempt to collect a debt not permitted by law.

35. Specifically, MDK violated by 15 U.S.C. § 1692f(1) by conducting a judicial sale of the subject property on March 7, 2017; notwithstanding the fact that on March 6, 2017, a bankruptcy case concerning Brynjolfsson was filed under Chapter 13 of the Bankruptcy Code – in violation of the automatic stay.

36. Brynjolfsson may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

*THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK*

WHEREFORE, Brynjolfsson requests the following relief:

a. find that MDK violated 15 U.S.C. § 1692f(1);

b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

June 20, 2017                                          Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Brad E. Brynjolfsson*