**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Brad E. Brynjolfsson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:17-cv-04597 |
| | ) | |
| Manley Deas Kochalski, LLC, | ) | Judge Edmond E. Chang |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT MANLEY DEAS KOCHALSKI LLC'S MOTION TO DISMISS

### I.    INTRODUCTION

With his complaint, plaintiff Brad E. Brynjolfsson ("Brynjolfsson") has asserted a claim against defendant Manley Deas Kochalski LLC ("MDK"), the law firm that represented the plaintiff in an Illinois foreclosure proceeding against Brynjolfsson.

Brynjolfsson's claim is made under the federal Fair Debt Collections Practices Act ("FDCPA") and stems both from this foreclosure proceeding and a Chapter 13 petition Brynjolfsson filed in U.S. Bankruptcy Court.  Brynjolfsson filed his bankruptcy petition, which triggered the automatic stay under 11 U.S.C. § 362, less than twenty-four hours before the time his mortgaged property was scheduled for judicial sale. Under Brynjolfsson's theory of the case, MDK violated the FDCPA not for any affirmative act it took, but because it failed to act to cancel the judicial sale.  At the same time, Brynjolfsson alleges no facts to indicate that he or anyone else notified MDK that he had filed, or was intending to file, a bankruptcy petition before the sale occurred.

1

Brynjolfsson's claim is barred for at least three reasons. First, the Seventh Circuit and this Court have consistently held that plaintiffs cannot recover by bootstrapping a claim under the FDCPA on the basis of an alleged violation of other state or federal law. More specifically, the same courts have held that an alleged violation of the U.S. Bankruptcy Code is not a basis to recover against debt collector for violating the other state or federal law.

Furthermore, Brynjolfsson's specific claim under Section 1692f of the FDCPA is barred where courts in this jurisdiction have held that ordinary court proceedings fall outside Section 1692f. In particular, these courts have held that a debt collector's execution on a valid judgment does not fall within the ambit of Section 1692f.

Finally, under the specific facts Brynjolfsson has alleged to support his claim against MDK, MDK has not violated Section 1692f. Section 1692f bars a debt collector from undertaking "unfair or unconscionable means" to collect a debt. But Brynjolfsson has not alleged any facts to indicate that MDK employed any such means, particularly considering that the Illinois trial court had issued an order permitting MDK's client to sell the property through a judicial sale. Instead, Brynjolfsson does not allege that MDK took any action whatsoever to collect his debt after he filed his bankruptcy petition, and instead merely alleges that MDK failed to act to cancel a judicial sale that occurred less than twenty-four hours after Brynjolfsson filed his bankruptcy petition. None of these facts constitute "unfair or unconscionable means" to collect a debt, and Brynjolfsson's complaint is barred for conclusory pleading.

For these reasons, this Court should dismiss Brynjolfsson's complaint under Rule 12(b)(6).

## II.    FACTS

On June 20, 2017, Brynjolfsson filed his complaint to commence this action. (ECF No.1.)  Brynjolfsson alleges that MDK represented non-party Wells Fargo Bank, N.A. ("Wells Fargo") in a state foreclosure proceeding against Brynjolfsson that was related to a 2003 note and mortgage on which Brynjolfsson had defaulted.  (Id., ¶ 9.)

Brynjolfsson alleges that MDK violated Section 1692f of the FDCPA when it allegedly violated Brynjolfsson's automatic bankruptcy stay by not acting to cancel a judicial sale of the mortgaged property less than twenty-four hours before Brynjolfsson had filed his bankruptcy petition.  (Id., ¶¶ 12-14.)  At the same time, Brynjolfsson does not allege that he or anyone else had notified MDK that he had filed his bankruptcy petition before the sale occurred.  Additionally, the state foreclosure record indicates that Brynjolfsson himself had been notified in late January 2017 that the sale would occur on March 7, 2017 at 10:00 a.m., but that Brynjolfsson did not file his bankruptcy petition until March 6, 2017 at 6:12 p.m., less than sixteen hours before the sale and after the close of business the day the before the morning of the sale.  (Sale Notice, attached hereto as Exhibit 1; Bankr. Pet. (redacted), attached hereto as Exhibit 2.)[1]

According to the allegations in the complaint, Brynjolfsson entered into a note and mortgage with Wells Fargo's predecessor in interest in 2003.  (Compl., ¶ 6.)  After January 1, 2016, when Brynjolfsson defaulted on his mortgage loan with Wells Fargo, MDK filed a foreclosure complaint against Brynjolfsson on behalf of Wells Fargo in Illinois state court.  (Id., ¶ 9.)  Once he was served with copies of the summons and complaint, Brynjolfsson did not file a response to the complaint, and Wells Fargo

---

[1] As a matter of judicial notice, this Court may consider public records when reviewing a motion to dismiss under Rule 12(b)(6) without converting the motion into a summary judgment motion.  *Geinosky v. City of Chicago*, 675 F.3d 743, 745-746 n.1 (7th Cir. 2012) (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

secured a default judgment against him and an order of sale from the court on October 12, 2016.  (Id., ¶ 10; Judgment and Order of Sale, attached hereto as Exhibit 3.)

On January 23, 2007, MDK filed a sale notice in the state foreclosure proceeding on Wells Fargo's behalf, setting the sale for March 7, 2017 at 10:00 a.m.  (Compl., ¶ 11; Sale Notice, attached hereto as Exhibit 2.)  According to the certificate of service on the notice of sale, Brynjolfsson was notified of the sale date and time through ordinary service contemporaneous with the sale notice's filing in state court.  (Id.)  Nevertheless, Brynjolfsson waited until 6:12 p.m. the day before the sale to file his Chapter 13 bankruptcy petition and did not notify any party of this filing.  (Compl, ¶ 12; Bankr. Pet., attached hereto as Exhibit 1.)  As a result, the foreclosure sale was held the next morning at 10:00 a.m.  (Compl., ¶ 14.)  Wells Fargo did not purchase the property at the judicial sale, and instead the property was purchased by a third party.  (Id.)

Brynjolfsson further alleges that an MDK attorney had filed an appearance and proof of claim in his bankruptcy proceeding by March 23, 2017.  (Id., ¶ 15.)  According to the complaint, non-party individuals contacted Brynjolfsson in May 2017 about the sale of the mortgaged property that later led Brynjolfsson's bankruptcy attorney to contact the MDK attorney representing Wells Fargo in the bankruptcy proceeding.  (Id., ¶¶ 18-23.)  Specifically, Brynjolfsson's bankruptcy counsel demanded of MDK that it move to set aside the March 7, 2017 sale within seven days.  (Id., ¶ 23.)

While Brynjolfsson alleged that MDK "ignored [his] bankruptcy attorneys' demand that they move to set aside the March 7, 2017 judicial sale" (id., ¶ 24),  the state foreclosure proceeding indicates otherwise.  Instead, MDK filed a motion to vacate the sale on June 15, 2017—five days before Brynjolfsson filed his complaint against MDK—

and the motion was granted on July 6, 2017, vacating the sale. (Mot. & Order to Vacate Sale, attached hereto as Exhibit 4.)

On the basis of such allegations, Brynjolfsson claims that MDK caused him "aggravation, confusion, extreme emotional distress, frustration, and humiliation." (Compl., ¶ 25.) Specifically, Brynjolfsson claims that MDK violated 11 U.S.C. § 362 of the U.S. Bankruptcy Code, prohibiting "all acts to 'collect, assess, or recover a claim' outside of the bankruptcy forum." (Id., ¶ 31.) Nevertheless, Brynjolfsson does not allege that MDK committed any act to collect, assess, or recover a claim outside the bankruptcy forum. Instead, he alleges that MDK *failed to act* to cancel a judicial sale, which had been scheduled for several weeks, within the time period of less than sixteen hours between March 6, 2017 at 6:12 p.m., when he filed his bankruptcy petition, and 10:00 a.m. March 7, 2017, when the sale occurred. He further makes this claim without alleging that he, or anyone else, informed MDK or its client that he had filed his bankruptcy petition before the sale.

Despite these allegations, Brynjolfsson claims that MDK violated Section 1692f(1) of the FDCPA, allegedly "by conducting a judicial sale of the subject property on March 7, 2017" when the automatic stay was in effect, as of 6:12 p.m. the night before. (Id., ¶ 35.) In this respect, Brynjolfsson claimed that MDK used "unfair or unconscionable means to attempt to collect a debt not permitted by law." (Id.) At the same time, Brynjolfsson does not claim that any actions taken by MDK after the sale amounted to a violation of the FDCPA.

Finally, two days after Brynjolfsson filed his complaint in this action, he also filed a motion for sanctions against MDK and Wells Fargo in his bankruptcy proceeding, a

motion that remains pending and is set for hearing on August 11, 2017. (Bankruptcy Dkt., attached hereto as Exhibit 5.)

## III. LAW AND ARGUMENT

### A. Standards for relief.

#### 1. Standard for relief under Rule 12(b)(6).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Indep. Trust Corp. v. Stewart Info. Serv's Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).

A complaint will survive a motion to dismiss under Rule 12(b)(6) if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). However, the complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bell Atl. Corp.*, 550 U.S. at 562 (citation omitted). To determine whether the complaint contains a plausible basis for relief, all factual allegations are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Id.* However, legal conclusions are not entitled to be accepted as true, nor are "unwarranted factual inferences." *Id.*, at 555.

#### 2. Standards for relief under the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e);

*see also Llames v. JPMorgan Chase & Co.*, No. 11 CV 5899, 2012 U.S. Dist. LEXIS 51682, *17 (N.D. Ill. March 23, 2012) (citation omitted).

Section 1692f(1) bars a debt collector from making use of "unfair or unconscionable means" to collect a debt, specifically through "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

**B.     Brynjolfsson's claim is barred because Seventh Circuit case law does not permit him to recover under the FDCPA on the basis that MDK violated the bankruptcy stay.**

The Seventh Circuit has held that a plaintiff cannot recover against a debt collector by bootstrapping an FDCPA claim on the alleged basis that the debt collector violated state or federal law independent of the FDCPA. *Bentrud v. Bowman*, 794 F.3d 871, 875 (7th Cir. 2015) ("The FDCPA is not an enforcement mechanism for matters governed elsewhere by state or federal law."); *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007) (stating that Section 1692f of the FDCPA "does not so much as hint at being an enforcement mechanism for other rules of state and federal law"); *see also Butler v. J.R.S.-I, Inc.*, No. 15 C 6059, 2016 U.S. Dist. LEXIS 45256, at *16-*17 (collecting cases).

More specifically, this Court has held that a plaintiff cannot recover under state law by bootstrapping a claim that the debt collector violated the automatic stay provisions of federal bankruptcy statutes. *Bednar v. Pierce & Assocs., P.C.*, 220 F. Supp. 3d 860, 863-864 (N.D. Ill. 2016) (dismissing ICFA claim under Rule 12(b)(6) for alleged violation of bankruptcy automatic stay provisions on grounds that claims were preempted by "comprehensive regulations provided by the bankruptcy system"). This

Court has also stated in dicta that violations of the U.S. bankruptcy statutes should not serve as the basis for violations of the FDCPA. *Alabi v. Homecomings Fin. LLC*, No. 09-cv-4757, 2011 U.S. Dist. LEXIS 107632, at *20 n.11, 2011 WL 4398140 (N.D. Ill. Sept. 21, 2011) ("While the purpose of consumer protection statute is to protect unsophisticated consumer from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the [bankruptcy] court system and its officers.")

Under this case law, the same rule applies to deny Brynjolfsson the right to assert FDCPA claims against MDK on the alleged basis that MDK violated the automatic stay. There is no dispute that Brynjolfsson's FDCPA claim against MDK derives purely from his allegation that MDK violated the automatic stay provisions of the U.S. Bankruptcy Code. In support of his FDCPA claim, Brynjolfsson alleges no facts other than that MDK violated the automatic stay when it permitted the judicial sale to proceed, despite that Brynjolfsson had filed a bankruptcy petition some sixteen hours beforehand. As a result, Brynjolfsson's claim would not exist but for his allegation that MDK violated the automatic stay. On this basis, Brynjolfsson may not assert an FDCPA claim against MDK because the FDCPA is not an enforcement mechanism to ensure that MDK complies with the U.S. bankruptcy statutes, and his claim should be dismissed with prejudice.

The only exceptions to these rules do not apply on the facts as alleged in Brynjolfsson's complaint. One such exception applies only when the plaintiff has alleged facts to support an FDCPA claim independent of those facts to indicate that the debt collector violated other state or federal law. *See Bednar v. Pierce & Assocs., P.C.*, 220 F. Supp. 3d 860, 865 (N.D. Ill. 2016); *Butler v. J.R.S.-I., Inc.*, No. 15 C 6059, 2016 WL 1298780, 2016 U.S. Dist. LEXIS 45256, at *17 (N.D. Ill. April 4, 2016). That is not

the case here where the sole factual basis for Brynjolfsson's FDCPA claim against MDK is that MDK allegedly violated the automatic bankruptcy stay. As such, this exception does not apply.

The other exception pertains only to claims made under Section 1692e of the FDCPA. *See Eul v. Transworld Sys.*, No. 15 C 7755, 2017 U.S. Dist. LEXIS 47505, at *13-*14 (N.D. Ill. March 20, 2017) (stating that standard that FDCPA claims cannot be made on the basis of violations of other state or federal law applies to claims made under Section 1692f of the FDCPA, not Section 1692e) (citations omitted). Section 1692e bars a debt collector from making false, deceptive, or misleading representations to a consumer. 15 U.S.C. § 1692e. Under this exception, a consumer may state a claim against a debt collector for making a false statement in documents filed in court. *Eul*, 2017 U.S. Dist. LEXIS 47505, at *14 (citing *Fick v. Am. Acceptance Co., LLC*, No. 3:11-cv-229, 2012 U.S. Dist. LEXIS 43761, 2012 WL 1074288, at *3 (N.D. Ind. Mar. 28, 2012)).

However, Brynjolfsson has not asserted a claim under Section 1692e. Nor does Brynjolfsson claim that MDK made any false, deceptive, or misleading representations or dispute that MDK's client was granted a valid order permitting it to sell his property. Instead, Brynjolfsson has asserted a claim under Section 1692f, claiming that MDK employed unfair or unconscionable means to collect his debt. 15 U.S.C. § 1692f. As such, this exception does not provide Brynjolfsson with a means to avoid dismissal under Rule 12(b)(6).

Accordingly, Brynjolfsson's FDCPA claim against MDK is barred because it is preempted by the bankruptcy code.

**C.    Brynjolfsson's claim under Section 1692f of the FDCPA is barred because state collection proceedings do not fall within Section 1692f.**

Section 1692f of the FDCPA bars a debt collector from engaging in "unfair or unconscionable" means to collect a debt.  Section 1692f provides a list of nonexclusive debt collector behavior that violates Section 1692f, such as collecting amounts not authorized by the debt agreement, soliciting post-dated checks from consumers, and communicating with consumers via post card regarding a debt.  15 U.S.C. §§ 1692f(1), (3) & (8).

Section 1692f also prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" under certain circumstances.  15 U.S.C. § 1692f(6).  Section 1692f(6)'s use of the term "nonjudicial action" has led the Seventh Circuit to hold that "state judicial proceedings are outside the scope of § 1692f." *Fox v. Manley, Deas, Kochalski LLC*, No. 16 C 5715, 2016 WL 6092638, 2016 U.S. Dist. LEXIS 145231, at *25-*26 (citing *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 475 (7th Cir. 2007)).

Because the Seventh Circuit has determined that "state judicial proceedings are outside the scope of § 1692f," any allegation that MDK violated Section 1692f on the basis of its actions in the state foreclosure proceeding is insufficient to state a claim under Section 1692f.  *Beler*, 480 F.3d at 474.  In this respect, Brynjolfsson does not allege any facts relating to MDK's actions taken outside the state foreclosure proceeding as a basis for claiming that MDK violated Section 1692f.  Accordingly, Brynjolfsson has not stated a claim against MDK under Section 1692f, and this Court should dismiss his complaint with prejudice.

**D. Brynjolfsson's claim under Section 1692f(1) of the FDCPA is barred because he does not allege any facts to indicate that MDK acted unfairly or unconscionably to collect his debt.**

Nothing about the plain language of Section 1692f or 1692f(1) applies to the facts Brynjolfsson has alleged in his complaint to permit Brynjolfsson to state a claim for relief against MDK under Section 1692f(1).  As such, Brynjolfsson's complaint is barred for conclusory pleading.

In general, Section 1692f bars a debt collector from undertaking "unfair or unconscionable means" to collect a debt. But Brynjolfsson has not alleged any facts that MDK employed such means.  Based on the allegations in the complaint, MDK properly scheduled a foreclosure sale once the trial court had granted its client, Wells Fargo, a foreclosure judgment and order of sale.  As such, conducting a judicial sale under such circumstances is anything but unfair or unconscionable.

Instead, Brynjolfsson claims that MDK's alleged violation of the automatic stay at 11 U.S.C. § 362 amounts to unfair or unconscionable means to collect a debt.  However, again, Brynjolfsson alleges no facts to indicate that MDK employed unfair or unconscionable means to collect his debt.   Instead of alleging that MDK took any affirmative action to collect his debt improperly, Brynjolfsson merely alleges that MDK did not act to cancel a sale, which had been scheduled for several weeks beforehand, in the approximately sixteen hour window between 6:12 p.m. on March 6, 2017, when he filed his bankruptcy petition that triggered the automatic stay, and 10:00 a.m. on March 7, 2017, when the sale occurred.  Nor does Brynjolfsson allege that he or anyone else timely notified MDK sufficient to enable MDK to cancel the sale.

Accordingly, nothing about MDK's behavior—or more correctly, its lack of behavior—amounts to "unfair or unconscionable means" to collect Brynjolfsson's debt. *See Thompson v. CACH, LLC*, No. 14 CV 0313, 2014 U.S. Dist. LEXIS 151255, at *16-*17, 2014 WL 5420137 (N.D. Ill. October 24, 2014) (dismissing Section 1692f claim for absence of allegations that debt collector employed any unfair unconscionable means to collect a debt); *see also Fox v. Manley, Deas, & Kochalski, LLC*, No. 16 C 5715, 2016 WL 6092638, 2016 U.S. Dist. LEXIS 145231, at *25-*26 (N.D. Ill. Oct. 19, 2016) ("Nothing alleged here is unfair or unconscionable.")

Finally, the plain language of Section 1692f(1) does not apply sufficient for Brynjolfsson to state a claim against MDK. Section 1692f(1) does not address judicial foreclosure sales. Instead, it bars a debt collector's improper action in attempting to collect improper "amounts" of the debt from the consumer, specifically "[t]he collection of any *amount* (including any interest, fee, charge, or expense incidental to the principal obligation) unless such *amount* is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1) (emphasis supplied); *see also Thompson*, 2014 U.S. Dist. LEXIS 151255, at *19, 2014 WL 5420137 (dismissing claim under Section 1692f(1) when plaintiff made no allegation that defendant "tried to impose additional 'interest, fee, charge, or expense incidental to the principal obligation' that already existed").

Brynjolfsson does not allege that MDK sought to collect any "amount" of his debt from him improperly, let alone any additional interest, fees, or charges. Instead, Brynjolfsson's claim is that MDK was barred from taking any action at all to collect his debt by virtue of the automatic stay. Again, however, MDK did not take any such action.

According to the allegations in the complaint, MDK merely did not act to cancel a judicial sale that had been scheduled for several weeks.

For this reason, specifically because Brynjolfsson cannot allege any "amount" that MDK improperly sought to collect, Brynjolfsson's claim under Section 1692f(1) is indistinguishable from any claim he has attempted to make that MDK violated Section 1692f in general. Again, because Brynjolfsson has not alleged any facts to indicate that MDK violated Section 1692f in general, and not did not employ unfair or unconscionable means to collect his debt, Brynjolfsson has not stated a claim against MDK for violating Section 1692f(1).

Because Brynjolfsson has not alleged facts sufficient to enable this Court to draw the reasonable inference that MDK violated Section 1692f(1), this Court should dismiss his complaint with prejudice.

## IV.    CONCLUSION

For any or all of the reasons above, Brynjolfsson's complaint should be dismissed with prejudice.

Dated:  July 17, 2017                    By:  /s/ Matthew J. Richardson
                                         Matthew J. Richardson (OH Bar #
                                         0077157)
                                         MANLEY DEAS KOCHALSKI LLC
                                         1555 Lake Shore Drive
                                         Columbus, OH 43204
                                         Telephone: 614-917-1795
                                         Facsimile: 614-220-5613
                                         mjr2@manleydeas.com

                                         *Attorney for Defendant*
                                         *Manley Deas Kochalski LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing was filed with the Clerk of the United States District Court for the Northern District of Illinois through the CM/EDF electronic filing system, thereby automatically servicing all registered parties, this 17th day of July, 2017.

<u>/s/ Matthew J. Richardson</u>
Matthew J. Richardson